UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALLACE,<br><br>    Petitioner,<br><br>    v.<br><br>GASTELO,<br><br>    Respondent. | No. 2:19-cv-02224-TLN-EFB<br><br>**ORDER** |

Petitioner George Wallace ("Petitioner"), a state prisoner proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 13, 2020, the magistrate judge filed findings and recommendations which were served on Petitioner and which contained notice to Petitioner that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 7.) Petitioner filed objections to the findings and recommendations. (ECF No. 11.)

This Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982). As to any portion of the proposed findings of fact to which no objection has been made, the Court assumes its correctness and decides the motions on the applicable law. *See Orand v. United*

1    *States*, 602 F.2d 207, 208 (9th Cir. 1979).  The magistrate judge's conclusions of law are
2    reviewed *de novo*.  *See Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
3    Having carefully reviewed the entire file under the applicable legal standards, the Court finds the
4    Findings and Recommendations to be supported by the record and by the magistrate judge's
5    analysis.

6         Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the Court has
7    considered whether to issue a certificate of appealability.  Before Petitioner can appeal this
8    decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).
9    Where the petition is denied on the merits, a certificate of appealability may issue under 28
10   U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
11   constitutional right."  28 U.S.C. § 2253(c)(2).  The Court must either issue a certificate of
12   appealability indicating which issues satisfy the required showing or must state the reasons why
13   such a certificate should not issue.  *See* Fed. R. App. P. 22(b).  Where the petition is dismissed on
14   procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that
15   jurists of reason would find it debatable whether the district court was correct in its procedural
16   ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid
17   claim of the denial of a constitutional right.'"  *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir.
18   2000) (quoting *Slack v. McDaniel*, 529 U.S. 473 (2000)).

19        Here, the Petition is dismissed on procedural grounds.  In order to be granted review of a
20   successive application, Petitioner must show that he falls under the "actual innocence" exception.
21   In order to do this, Petitioner must persuade the "district court that, in light of the new evidence,
22   no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."
23   *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  In his application, Petitioner points to various items
24   and interpretations of evidence he claims were not presented at trial.  This evidence does not rise
25   to the high threshold of convincing the Court that a reasonable juror would not have returned the
26   guilty verdict.  Further, the Court finds that jurists of reason would not find it debatable whether
27   this decision on procedural grounds was correct.  *Morris*, 229 F.3d at 780.  Therefore, Petitioner
28   cannot meet the first element for the grant of a certificate of appealability.  The Court therefore

declines to issue a certificate of appealability.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed April 13, 2020 (ECF No. 7), are adopted in full;

2. This action is DISMISSED for lack of jurisdiction;

3. All outstanding motions are DENIED as moot;

4. The Clerk is directed to close the case; and

5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

DATED: July 6, 2020

                                              Troy L. Nunley
                                              United States District Judge